UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ALFARO,<br><br>                Petitioner,<br><br>vs.<br><br>AL RAMIREZ,<br><br>                Respondent. | Case No. 1:16-cv-00124-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this federal habeas corpus matter is Respondent's Motion for Partial Summary Dismissal, seeking dismissal of Claims One(A), One(B), and Four in the Amended Petition. Dkt. 13, 6. The motion is fully briefed and ripe for adjudication. Having reviewed the briefing and the state court record, the Court enters the following Order.

## REVIEW OF PRELIMINARY MOTIONS

Pending before the Court are Petitioner's and Respondent's requests for extensions of time regarding briefing of the pending summary dismissal issues. Dkt. 11, 15. Good cause appearing, both motions will be GRANTED.

## BACKGROUND

In a state criminal action in the Third Judicial District Court in Canyon County, Idaho, Petitioner was convicted by jury of aiding and abetting first degree murder, aiding and abetting aggravated assault, aiding and abetting unlawful use of a firearm, and infliction of great bodily harm. Petitioner was accused of being the driver in a gang-

related drive-by shooting perpetrated by a shooter in Petitioner's car firing into a rival gang member's house and killing an occupant who stood in the kitchen.

Petitioner received a prison sentence of 20 fixed years, with life indeterminate. Judgment was entered on January 3, 2011. Petitioner filed a direct appeal and a post-conviction action in state court. This federal habeas corpus case was stayed for several months to permit Petitioner to exhaust his state court remedies. Dkt. 4. Petitioner obtained no relief from his state court actions, and this case was re-opened on May 22, 2017. Dkt. 7.

## STANDARD OF LAW FOR REVIEW
## OF SUMMARY DISMISSAL MOTIONS

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

A habeas petitioner must exhaust his remedies in the state court system before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of

discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all his federal claims in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*;

MEMORANDUM DECISION AND ORDER - 3

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## REVIEW OF REQUEST FOR DISMISSAL

1. **Discussion of Claims One(A) and One(B)**

Claim One(A) is that trial counsel was ineffective because he failed to object to the consolidated amended indictment on the charge of aiding and abetting first degree murder filed by the State, and he failed to object to the court entering a judgment of conviction on that charge on the basis that he had not been properly indicted. Claim One(B) is that direct appeal counsel failed to raise the issue that the State lacked authority to file the consolidated amended indictment.

Petitioner raised these claims in his initial state post-conviction petition. (State's Lodging C-1, p. 6.) Petitioner's post-conviction appellate counsel—experienced criminal law attorney Greg Silvey—reviewed Petitioner's case and could not identify any meritorious claims to bring on appeal. After appellate counsel withdrew from the appeal, Petitioner did not file a pro se appellate brief, and the appeal was conditionally dismissed and then finally dismissed after notice to Petitioner. (See States' Lodgings D-1 through D-5.) Therefore, Claims One(A) and One(B) were not properly exhausted, and they are now procedurally defaulted.

2. **Discussion of Claim Four**

Claim Four is one of cumulative error, in violation of the Fourteenth Amendment's Due Process Clause. Petitioner raised a cumulative error claim on direct appeal before the Idaho Court of Appeals. (State's Lodging B-1, p. 19.) However,

Petitioner's counsel—experienced criminal attorneys Dennis Benjamin and Robyn Fyffe—did not include that claim in the petition for review before the Idaho Supreme Court, but focused instead on claims of prosecutorial misconduct, insufficient evidence, and abuse of discretion in sentencing. (State's Lodging B-6.)

Petitioner's counsel included in the petition for review a footnote that Petitioner's "Opening and Reply Briefs [that were submitted to the Court of Appeals] are incorporated in full herein" (State's Lodging B-6, p. 1, n. 1). The footnote was attached to the introductory paragraph that particularly requested review of only three distinct issues. Cumulative error was *not* among the three issues presented. The Court rejects Petitioner's argument that he presented his cumulative error claim to the Idaho Supreme Court via such a footnote.

### 3. Discussion of Exceptions to Allow Claims to Be Heard on the Merits

A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

#### A. *Traditional* Coleman *Cause*

Ordinarily, to show "cause" for a procedural default, a petitioner must prove that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Coleman v. Thompson*, 501 U.S. at 753. To show "prejudice," a petitioner must demonstrate "not merely that the errors [in his

proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

A petitioner does not have a federal constitutional right to effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a postconviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

### B. Martinez *Cause*

A limited exception to the *Coleman* rule exists in *Martinez v. Ryan*, 566 U.S. 1 (2012). That case held that inadequate assistance of post-conviction review (PCR) counsel or lack of counsel "at *initial-review* collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance *at trial*." *Id*. at 9 (emphasis added). To show ineffective assistance of PCR counsel, Petitioner must show that the defaulted ineffective assistance of trial counsel claims are "substantial," meaning that the claims have "some merit." *Id*. at 14. To show that each claim is substantial, Petitioner must show that trial counsel performed deficiently, resulting in prejudice, defined as a reasonable probability of a different outcome at trial. *Id*.; *see Strickland v. Washington*, 466 U.S. 668, 695-96 (1984).

### C. *Discussion of Cause and Prejudice*

Petitioner asserts that the "cause" of the procedural default of his claims is ineffective assistance of post-conviction counsel. Dkt. 17. Petitioner argues that his post-

conviction counsel on appeal (Mr. Silvey) was ineffective when counsel filed a motion to withdraw after concluding that there were no nonfrivolous issues that could be presented from the record. (Dkt. 17-1.) *Martinez* provides for no exception to the procedural default rule when post-conviction *appellate* counsel is the cause of a default.

In addition, the *Martinez v. Ryan* exception applies only to defaulted claims of ineffective assistance of *trial* counsel; it has not been extended to other types of claims. Therefore, Claim One(B) is not eligible for application of the *Martinez* exception. *See Davila v. Davis*, 137 S. Ct. 2058 (2017) (holding that *Martinez* is not applicable to claims of ineffective assistance of direct appeal counsel). Neither is *Martinez* applicable to Claim Four, a cumulative error claim. *Cf.*, *Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (holding that *Martinez* is not applicable to a defaulted *Brady* claim).

Further, the traditional *Coleman* rule specifically excludes *post-conviction* counsel as "cause." While ineffectiveness of *direct appeal* counsel (Mr. Benjamin and Ms. Fyffe) could function as "cause" for the procedural default of other claims, such as the cumulative error claim, that is possible only when the ineffective assistance of direct appeal counsel claim itself has been fully exhausted in the state court system *or* when another level of cause and prejudice for the default of the ineffective assistance of direct appeal counsel claim has been established. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

Petitioner has shown *neither* that his direct appeal attorneys were ineffective for selecting the limited claims they brought in the petition for review before the Idaho Supreme Court, *nor* that he separately exhausted such a direct appeal counsel claim in

state court as required by *Edwards*, *nor* that cause and prejudice exists for the default of the ineffective assistance of direct appeal counsel claim, an alternative requirement of *Edwards*. Therefore, the traditional *Coleman* cause and prejudice exception is not applicable here.

### D. Actual Innocence Standard of Law

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496.

A compelling showing of actual innocence can satisfy the fundamental miscarriage of justice exception to procedural default, allowing a court to review Petitioner's otherwise defaulted claims on their merits. *See Schlup v. Delo*, 513 U.S. 298, 315, 324 (1995). There remains the caveat, however, that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 64, 623 (1998).

### E. Discussion of Actual Innocence

Throughout his criminal proceedings, Petitioner has maintained that he is factually and legally innocent of the crimes for which he was convicted. He has asserted that his trial counsel failed to investigate and discover a key alibi witness, who would have established that Petitioner had an alibi and could not have committed the crime. Petitioner

submitted his own affidavit to this effect in the state post-conviction matter; however, it does not identify the witness, state the facts the witness knows, explain why the information provides an alibi, or otherwise provide any facts to support an alibi defense. Neither is it clear that the witness would have been available and willing to testify on Petitioner's behalf at the criminal trial. (See State's Lodging C-1, pp. 12-13.)

Legal innocence—that the amended indictment was faulty—will not support an actual innocence claim. Accordingly, Petitioner's procedural default is not excused under the miscarriage of justice exception.

### 4. Conclusion

The Court concludes that Claims One(A), One(B), and Four are procedurally defaulted and that no exception applies to excuse their default. In addition, all prior decisions of the Magistrate Judge in this case are hereby adopted and confirmed after a de novo review of the record. Petitioner may proceed to the merits of Claims Two and Three.

**ORDER**

1. The parties' Motions for Extension of Time (Dkts. 11, 15) are GRANTED.
2. All prior decisions of the Magistrate Judge in this case are hereby adopted and confirmed after a de novo review of the record.
3. Respondent's Motion for Partial Summary Dismissal (Dkt. 13) is GRANTED.
4. Respondent shall file an answer to the remaining claims **within 90 days** after entry of this Order. The answer should also contain a brief setting

forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

5. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

6. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED: March 12, 2018

_____
David C. Nye
U.S. District Court Judge